UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CORNELIUS CANADY,

    Plaintiff,

v.                                              Case No. 4:21-cv-7-AW/MJF

CENTURION OF FLORIDA, LLC,
 *et al.*,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

This action, brought under 42 U.S.C. § 1983, is before this court on Defendant Centurion's motion to dismiss Counts One, Two, and Three. (Doc. 21). Plaintiff Cornelius Canady did not file a response in opposition. For the reasons set forth below, the undersigned recommends that Defendant's motion to dismiss be granted.[1]

## I. PROCEDURAL BACKGROUND

**A.** <u>*Canady I*</u>

On November 14, 2018, Canady initiated his first section 1983 action against Dr. Felipe Colombani. *Canady v. Colombani*, No. 4:18-cv-538-MW-MAF (ECF No. 1) (N.D. Fla. Nov. 18, 2018) ("*Canady I*"). He asserts two Eighth-Amendment

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

claims against Dr. Colombani: (1) deliberate indifference to a serious medical need and (2) use of excessive force. (ECF No. 1). *Canady I* currently remains pending before Chief Judge Mark Walker. Canady filed his complaint in *Canady I* approximately eight months before he joined the instant action, hereinafter referred to as "*Canady II*." (ECF No. 1).[2]

**B.     *Canady II***

On or about February 13, 2019, Plaintiff Brian M. Casey, a Florida prisoner proceeding *pro se*, commenced this action in the Circuit Court for Leon County, Florida, Case No. 2019-CA-426. (Doc. 1-1 at 2). On June 28, 2019, in the Florida Circuit Court, Casey and Canady filed a "Supplemental Complaint," which joined Canady as a Plaintiff. (Doc. 1-1 at 30-34). On October 7, 2019, Centurion removed Plaintiffs' case to the United States District Court for the Northern District of Florida. (Doc. 1).

The undersigned directed Casey and Canady to file an amended complaint on the appropriate form,. Because Casey and Canady had been transferred to different

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The undersigned will refer to documents filed in *Canady I* as ("ECF No. ___") and documents filed in *Canady II*—this current litigation—as ("Doc. ___"). Plaintiff should have received the documents filed in *Canady I* insofar as he is a party to that case. In any event, the documents are also available from the clerk of the court.

prisons, they submitted separate complaint forms. (Docs. 20, 33). Recognizing the difficulties of two *pro se* inmates prosecuting this case jointly from separate prisons, the undersigned entered an order requiring Casey and Canady to (1) file a joint notice confirming their desire and ability to jointly prosecute this case, (2) move to sever their claims so they could be prosecuted in individual lawsuits, or (3) voluntarily dismiss their claims. (Doc. 35).

Casey and Canady filed motions to sever their respective claims into two separate civil actions. The undersigned granted these motions. The clerk of the court opened a new case for Canady's claims: *Canady v. Centurion*, No. 4:21-cv-7-AW-MJF (Oct. 7, 2019) ("*Canady II*").

The operative complaint in *Canady II* is Canady's second amended complaint. (Doc. 20). In that complaint, Canady asserts three claims against Defendants Centurion and Dr. Colombani: (1) Deliberate Indifference to a Serious Medical Need; (2) Use of Excessive Force; and (3) Race Discrimination in violation of the Fourteenth Amendment. Defendant Centurion moves to dismiss Counts One, Two, and Three of Canady's second amended complaint.[3] (Doc. 21).

---

[3] Centurion argues that these three claims also should be dismissed with respect to Dr. Colombani. Because Centurion's counsel has not made an appearance on Dr. Colombani's behalf in this case, pursuant to 28 U.S.C. § 1915A(b)—which authorizes district courts *sua sponte* to screen and dismiss prisoner complaints for failure to state a claim—the undersigned addresses below whether Canady engaged in impermissible claim splitting regarding Dr. Colombani.

## II. Factual Background

A. *Canady I*

Canady alleges that on July 9, 2018, another inmate struck him in the head twice and stabbed him. *Id.* As a result, Canady was transferred to the medical department for treatment. Dr. Colombani entered the examination room, sat at his desk, and began writing. *Id.* Canady asked Dr. Colombani why Dr. Colombani was not providing Canady treatment. Dr. Colombani stood up and punched Canady several times in the face and head. *Id.* Canady alleges that correctional officers restrained Dr. Colombani and escorted Dr. Colombani out of the examination room. *Id.* at 6. In *Canady I*, Canady asserts two claims against Dr. Colombani: (1) Deliberate Indifference to a Serious Medical Need in violation of the Eighth Amendment; (2) Use of Excessive Force in violation of the Eighth Amendment. (ECF No. 1 at 5).

B. *Canady II*

These facts are taken from Canady's amended complaint and are assumed to be true only for the purpose of Defendant's motion to dismiss. On July 9, 2018, an unnamed inmate struck Canady in the head with an unknown sharp object. Defendants Roberts and Moralas escorted Canady to the medical department for evaluation. (Doc. 1-1 at 33; Doc. 20 at 6, 9). Roberts and Moralas placed Canady in

the examination room and instructed Canady to "sit still until the doctor arrive[d]." (Doc. 20 at 9). Roberts and Moralas then left the examination room. (*Id.*).

Dr. Colombani, an employee of Defendant Centurion of Florida, LLC, and a nurse entered the examination room. Dr. Colombani sat at his desk and began writing. Canady asked Dr. Colombani if the nurse could begin examining Canady's wounds while Dr. Colombani was writing.

Canady alleges that during the examination Dr. Colombani struck Canady in the head and face several times with a closed fist. Canady further alleges that Dr. Colombani attacked Canady because Canady is black and because Canady complained about Dr. Colombani's failure to treat him. Canady also alleges that Dr. Colombani failed to provide treatment for Canady's head wound. Specifically, Canady asserts that Dr. Colombani refused to place Canady under "24-hour head watch examination" and failed "to conduct [a] Skull x-ray." (Doc. 20 at 6).

In *Canady II*, Canady asserts three claims against Centurion and Dr. Colombani: (1) Deliberate Indifference to a Serious Medical Need in violation of the Eighth Amendment; (2) Use of Excessive Force in violation of the Eighth Amendment; and (3) Race Discrimination in violation of Fourteenth Amendment. He also asserts a fourth claim against only Defendants Roberts and Moralas for failing to protect him from Dr. Colombani in violation of the Eighth Amendment.

### III. DISCUSSION

**A.    Rule 12(b)(6) Standard**

Motions to dismiss for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient. *Id.* A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

B.     **Impermissible Claim Splitting**

Canady's claims against Dr. Colombani (Count I, II, and III) should be dismissed because Canady engaged in impermissible claim-splitting. (Doc. 21 at 3-5).

Consistent with the principles of *res judicata*, a plaintiff is required "to assert all of its causes of actions arising from a common set of facts in one lawsuit." *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)); *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004). A plaintiff has no right to maintain two actions on the same subject against the same defendant at the same time. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Impermissible claim splitting, therefore, occurs when a plaintiff maintains two or more actions involving the same subject matter against the same defendant at the same time. *See United States v. Haytian Republic*, 154 U.S. 118, 123-24 (1894); *Vanover*, 857 F.3d at 840-42; *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc). Such claim splitting is prohibited because it wastes judicial resources and the resources of litigants, it is inefficient, and it poses the danger of inconsistent judgments. *Vanover*, 857 F.3d at 843. The rule against claim splitting—also known as the rule against duplicative litigation—permits the district court to dismiss a second action grounded in that same set of facts. *Vanover*, 857 F.3d at 843.

To determine whether a plaintiff is impermissibly claim-splitting, courts apply a two-factor test: (1) whether the separate cases involve the same parties and their privies, and (2) whether the separate cases arise from the same transaction or series of transactions. *Id.* at 841-42. Under this test, "lawsuits 'arise from the same transaction' when they are 'based on the same nucleus of operative facts.' A separate lawsuit will be permitted only if it 'raises new and independent claims, not part of the previous transaction, based on the new facts.'" *Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (quoting *Vanover*, 857 F.3d at 842).

In *Canady I* and *Canady II*, Canady is the sole plaintiff, and he names Dr. Colombani as a Defendant in both actions. Thus, *Canady I* and *Canady II* involve the same parties. It also is apparent that Canady's claims against Dr. Colombani in *Canady I* and *Canady II* are based on the same set of circumstances and facts. (Compare ECF No. 1 with Doc. 20). Although in *Canady II*, Canady raises an additional claim of race discrimination, that claim is based on the same operative facts as the excessive force and deliberate indifference to a serious medical need claims found in both *Canady I and Canady II*. This does not prevent the court from dismissing this claim pursuant to the claim-splitting doctrine. *Vanover*, 857 F.3d at 843.

Because Canady simultaneously is maintaining two separate actions involving the same subject matter against the same defendant, the claim-splitting doctrine

applies to this case. Plaintiff's claims against Dr. Colombani—Counts One, Two, and Three—should be dismissed without prejudice for improper claim-splitting.

C. <u>**Failure to State a Claim Against Centurion**</u>

Centurion argues that Canady's claims against Centurion (Counts One, Two, and Three) should be dismissed because Canady has failed to allege that his injuries were caused by a Centurion custom or policy.

To state a claim against a governmental entity, a plaintiff must allege that the entity "is a 'moving force' behind the deprivation . . . thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted). In order to state a claim, a plaintiff must allege that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Although Centurion is not a governmental entity, "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011); *Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997); *accord DiPietro v. Medical*

*Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 796 (11th Cir. 2020) (noting that the standard for a government entity also applies to a private entity that is contracted to provide medical services to inmates).

Here, Canady's only allegation against Centurion is that Dr. Colombani "is employed with Centurion." (Doc. 20 at 6). Canady's second amended complaint is completely devoid of any allegation of a custom or policy created by Centurion. Because Canady attempts to premise his section 1983 claim against Centurion on *respondeat superior*, he has failed to state a claim. The District Court, therefore, should dismiss Counts One, Two, and Three to the extent they apply to Centurion. *Keith v. Dekalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("It is well established in this Circuit that supervisory officials [and employers] are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.") (quoting *Cottone*, 326 F.3d at 1360).

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendant Centurion's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 21) be **GRANTED**.

2. Plaintiff's claims against Defendant Centurion (Counts One, Two, and Three) be **DISMISSED** for failure to state a claim upon which relief can be granted.

3.   Plaintiff's claims against Defendant Dr. Colombani (Counts One, Two, and Three) be **DISMISSED** without prejudice for impermissible claim-splitting.

4.   This case be recommitted to the undersigned to address Plaintiff's remaining claim against Defendants Moralas and Roberts.

At Panama City, Florida this 16th day of February, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**