UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CORNELIUS CANADY,

    Plaintiff,

v.                                          Case No. 4:21-cv-7-AW/MJF

ROBERTS, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This *pro se* civil action is before the court for screening of Canady's second amended complaint under 28 U.S.C. § 1915A. (Doc. 59). From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendants. Therefore, the undersigned respectfully recommends that the District Court dismiss Canady's complaint pursuant to 28 U.S.C. §1915A(b)(1).[1]

    **I.**    P<small>ROCEDURAL</small> B<small>ACKGROUND AND</small> F<small>ACTUAL</small> A<small>LLEGATIONS</small>

In his first amended complaint, Canady asserted claims under 42 U.S.C. §

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1983 against four Defendants: Dr. Colombani, Centurion of Florida, LLC, Sargant Roberts, and Officer Moralas. Centurion moved to dismiss Counts I, II, and III for failure to state a claim. On March 30, 2021, United States District Judge Allen C. Winsor dismissed the claims against Dr. Colombani without prejudice for impermissible claim splitting. Judge Winsor also dismissed the claims against Centurion of Florida, LLC, without prejudice and provided Canady one final opportunity to correct the deficiencies identified in the undersigned's February 16, 2021 report and recommendation ("R&R"). Judge Winsor remanded the case to the undersigned for further proceedings on the remaining claims.

On March 31, 2021, the undersigned screened Canady's complaint pursuant to 28 U.S.C. § 1915A and provided Canady an opportunity to amend his claims against Centurion, Roberts, and Moralas. (Doc. 58). The undersigned ordered Canady to describe clearly how each named Defendant was involved in the alleged constitutional violation and to state exactly how each Defendant harmed him. (*Id.* at 15). The undersigned then advised Canady "that the amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended pleading are deemed to have been abandoned." (*Id.*).

The undersigned imposed a deadline of April 22, 2021, for Canady to file an amended complaint that corrected the deficiencies outlined in the undersigned's order. (*Id.* at 16). The undersigned also warned Canady that his failure to comply with the instructions set forth in the order "likely [would] result in dismissal of this action for failure to state a claim upon which relief can be granted . . . ." (*Id.* at 17).

On April 22, 2021, Canady submitted his second amended complaint. (Doc. 59 at 1). His second amended complaint names the same four Defendants: Dr. Colombani, Centurion, Roberts, and Moralas. (Doc. 59 at 1-2). His second amended complaint, however, does not contain any factual allegations as to Centurion, Roberts, and Moralas. (Doc. 59). In fact, Canady's "Statement of Facts"—in its entirety—states:

> (1.) "Excessive Use of Force"
>
> On July 9, 2018, Defendant Colombani violated Plaintiff's 8th and 14th Amendment right. Plaintiff makes claim of excessive use of force while sitting in Dr. Colombani's office in shackles and handcuff. Plaintiff was assaulted by Doctor Felipe Colombani. Plaintiff allege[s] that Doctor Colombani lost his temper and assaulted Plaintiff by jabbing his finger in Plaintiff's face and later after striking Plaintiff in head and face with a closed fist causing swelling to Plaintiff's face and blurry vision do [sic] this unlawful misconduct violates Plaintiff's 8th Amendment Right.
>
> (2.) "Denied Medical Attention" (Centurion of Florida)

(Doc. 59 at 5). Canady also does not state what rights Roberts and Moralas

purportedly violated.[2]

## II. STANDARD

Because Canady is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

---

[2] In his first amended complaint, Canady alleged that Roberts and Moralas acted with deliberate indifference to his safety by taking him to be examined by Dr. Colombani and that they failed to intervene when Dr. Colombani used excessive force.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### III. DISCUSSION

**A.    Claims Against Dr. Felipe Colombani**

Despite this court dismissing Canady's claims against Dr. Colombani for improper claim-splitting, Canady has again attempted to include a claim against Dr. Colombani. For the reasons set forth in the undersigned's R&R dated February 16,

2021, the undersigned recommends that Canady's claims against Dr. Colombani again be dismissed without prejudice for improper claim splitting. (Doc. 56).

**B.     Claims Against Centurion**

Although Centurion is not a government entity, "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). In order to state a claim against a municipality or its functional equivalent, a plaintiff must allege that: (1) his constitutional rights were violated; (2) there was a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978).

Despite two warnings that his allegations did not state a claim or claims against Centurion, Canady has again failed to provide sufficient allegations regarding Centurion of Florida. Indeed, his second amended complaint states only "'Denied Medical Attention' (Centurion of Florida)," (Doc. 59 at 5). Simply put, the second amended complaint contains *no factual allegations* related to Centurion. Canady does not allege that Centurion had any custom or policy. He also does not

allege that any custom or policy of Centurion deprived him of his rights under the Eighth Amendment or Fourteenth Amendment.[3] (Doc. 59). Because Canady has not alleged any facts regarding any Centurion custom or policy that resulted in a deprivation of his Eighth or Fourteenth Amendment right, Canady's claims against Centurion also should be dismissed.

## C. Claims Against Moralas and Roberts

It is unclear whether Canady still seeks to pursue a claim against Moralas and Roberts. Canady listed both Moralas and Roberts as Defendants (Doc. 50 at 1-2), but Canady does not allege any facts that relate to these Defendants (*Id.* at 5).

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule requires that the plaintiff provide sufficient factual allegations to provide defendants "adequate notice of the claim against them and the grounds on which those claims rest." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th

---

[3] In his first amended complaint, Canady's only allegation against Centurion was that Dr. Colombani "is employed with Centurion." (Doc. 20 at 6). As explained in the undersigned's previous order and previous R&R, this allegation simply is insufficient to state a claim against Centurion. (Doc. 56 at 9-11; Doc. 58 at 6-7). The undersigned warned Canady that his claim likely would be dismissed if he did not include additional factual allegations in an amended complaint.

Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Canady's second amended complaint necessarily violates Rule 8(a)(2) insofar as he failed to provide *any* allegations as to Defendants Roberts and Moralas. Indeed, he does not even identify the constitutional basis for his claim(s) against these Defendants. Thus, Canady also has failed to state a claim against Defendants Roberts and Moralas.[4]

**D.      Canady Should Not be Afforded Any Further Leave to Amend**

"Ordinarily, a [*pro se*] party must be given at least one opportunity to amend before the district court dismisses the complaint" with prejudice. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). A court, however, is not required to

---

[4] Even if the undersigned were to assume that Canady intended to incorporate his first amended complaint into his second amended complaint, these claims still would be subject to dismissal for the reasons set forth in the undersigned's order dated March 31, 2021. (Doc. 58 at 7-13). As to the claim that Defendants were deliberately indifferent when they took Canady to be examined by Dr. Colombani, Canady's allegations in the first amended complaint failed to allege that Roberts and Moralas knew or were even aware that Canady faced a substantial risk of harm from Dr. Colombani, which is an essential element of a claim of deliberate indifference to a risk of harm. (*Id.* at 9). As to the claim that they failed to intervene in the use of force, Canady failed to allege that Roberts and Moralas were in a position to intervene when Colombani began to use excessive force, which is an essential element of his claim. Additionally, he did not—and likely could not truthfully—allege that Moralas and Roberts failed to intervene because Canady had previously admitted under the penalty of perjury that Moralas did intervene. (Doc. 58 at 11-12).

allow further amendment of a complaint when a plaintiff repeatedly has failed to cure deficiencies. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the present case, Canady repeatedly has failed to cure deficiencies despite being ordered to do so. The undersigned explicitly advised Canady that he had failed to state a claim against the Defendants. (Doc. 58). The undersigned also provided Canady an opportunity to amend his claims. (*Id.*). Furthermore, the undersigned warned Canady that failure to correct the deficiencies in his complaint likely would result in dismissal of this civil action for failure to state a claim upon which relief can be granted. Nevertheless, Canady elected to file a second amended complaint that also failed to state a claim upon which relief can be granted. It is unlikely that affording Canady an additional opportunity to amend his complaint would result in allegations sufficient to state a viable claim. The Court, therefore, should not afford Canady additional opportunities to file additional amended complaints.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

2. The claim against Dr. Colombani be dismissed without prejudice for impermissible claim splitting.

3. The claims against Centurion, Roberts, and Moralas be dismissed for failure to state a claim upon which relief can be granted.

4. The clerk of court be directed to close this case file.

At Pensacola, Florida, this <u>29th</u> day of April, 2021.

                                      /s/ *Michael J. Frank*
                                      **Michael J. Frank**
                                      **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**